SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MARTIN R. BADER, Cal. Bar No. 222865
WILLIAM J. BLONIGAN, Cal. Bar No. 250961
TRAVIS J. ANDERSON, Cal. Bar No. 265540
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Tipsy Elves LLC,

Plaintiff,

v.

Ugly Christmas Sweater, Inc. and

DOES 1–10,

Defendants.

Case No.: '17CV0890 MMANLS

**COMPLAINT FOR:**

**(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**
**(2) FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP AND UNFAIR COMPETITION (15 U.S.C. § 1125(a));**
**(3) UNFAIR COMPETITION & FALSE ADVERTISING (CAL. BUS. & PROF. CODE §§ 17200 & 17500, *ET SEQ.*);**
**(4) COMMON LAW TRADEMARK INFRINGEMENT;**
**(5) CONTRIBUTORY TRADEMARK INFRINGEMENT; AND**
**(6) VICARIOUS TRADEMARK INFRINGEMENT**

Plaintiff Tipsy Elves LLC ("Tipsy Elves" or "Plaintiff") alleges as follows in this Complaint against Ugly Christmas Sweater, Inc. and DOES 1–10 (collectively "Defendants"):

**<u>JURISDICTION AND VENUE</u>**

1. This is an action for infringement of a federally registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), for unfair

competition and false designation of origin or sponsorship in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for unfair competition and false advertising in violation of the California Business and Professions Code (Cal. Bus. & Prof. Code §§ 17200 & 17500, *et seq*.); Common Law Trademark Infringement, Contributory Trademark Infringement; and Vicarious Trademark Infringement.

2. The Court has subject-matter jurisdiction over the federal trademark, unfair competition, and false designation of origin or sponsorship claims in this action arising under 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338, and 1367. This court has subject-matter jurisdiction over the California State-law claims under 28 U.S.C. §§ 1338 and 1367.

3. The Court also has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy between the parties exceeds $75,000, and there is complete diversity between Plaintiff, a California company with its principal place of business in California, and Defendant Ugly Christmas Sweater, Inc., which is, on information and belief, a Michigan corporation with its principal place of business in Michigan.

4. On information and belief this Court has personal jurisdiction over Defendants because they have contacts with and conduct substantial business within the State of California and this judicial district. Defendants offer products that directly compete with Plaintiff's products in this judicial district and have unlawfully used Plaintiff's registered trademark in related online advertising disseminated in this judicial district to offer competing goods for sale in this judicial district, causing tortious injury to Plaintiff in this judicial district.

5. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1391(b) and (c) as Defendants transact affairs in this district, including by unlawfully offering to sell goods in this judicial district in connection with Plaintiff's trademark.

**THE PARTIES**

6. Plaintiff is a California limited liability company with its principal place of business at 1041 Market Street, #306, San Diego, California 92101.

7. On information and belief, Defendant Ugly Christmas Sweater, Inc. is a corporation organized and existing under the laws of the State of Michigan, having an office and place of business at 3160 Ridgeway Ct., Walled Lake, Michigan 48390.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendants DOES 1 through 10, inclusive, are manufacturers, vendors, or distributors of the garments Defendants illegally offered for sale using Plaintiff's registered trademark.

## BACKGROUND

### A. Plaintiff's Business and its TIPSY ELVES® Mark

9. Tipsy Elves is a leading fashion, apparel, and design company that prides itself on applying high quality standards to provide innovative and festive garments and other apparel, including Christmas and other holiday sweaters. The company was founded in San Diego, California in early 2011. Tipsy Elves apparel is available at www.tipsyelves.com and select retailers.

10. Plaintiff has registered the TIPSY ELVES mark in association with clothing, namely, tops, sweaters, vests, scarfs, headwear, ties, hats, and caps, on the U.S. Patent and Trademark Office's Principal Register, under Registration No. 4,402,796. A true and correct copy of the corresponding certificate of registration is attached hereto as **Exhibit A**. The TIPSY ELVES mark remains in full force and effect, and gives rise to presumptions of validity, ownership, and exclusive rights to use the mark throughout the United States in favor of Tipsy Elves.

11. Plaintiff has devoted significant time, effort, and resources to the development, protection, and promotion of the TIPSY ELVES mark throughout the United States, including throughout California, continuously since at least July 2011, when Tipsy Elves began selling sweaters and accessories on its website. From its inception, the TIPSY ELVES mark has earned a strong affiliation with

high-quality clothing bearing original Tipsy Elves designs. Beyond its own advertising efforts, Plaintiff has been featured and praised for its quality and popularity in the media, including on the hit television show Shark Tank and through reports and features by ABC, AOL, CNBC, E! Online, Forbes, People, the Today Show, and others.

12. Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed in its distinctive TIPSY ELVES mark. Defendants' actions alleged herein have threatened and impaired the goodwill and reputation for quality that Plaintiff has worked hard to cultivate. Defendants have used the TIPSY ELVES mark on advertising copy to offer competing goods to the same online consumers served by Plaintiff.

**B. <u>Defendants' Unauthorized and Prominent Use of the TIPSY ELVES Mark in Advertising Copy</u>**

13. Defendants have directly and deceptively misappropriated and used the TIPSY ELVES mark and traded off of its goodwill.

14. On information and belief, Defendant Ugly Christmas Sweater, Inc. ("Defendant UCS") was founded in 2012.

15. On information and belief, in December 2016, at the annual height of demand for holiday sweaters, Defendants used Google AdWords to place the following sponsored search result and advertisement (shown inside the blue box below), which used "Tipsy Elves" as the top and first two words of copy in the headline of an online advertisement linked to Defendant Ugly Christmas Sweater, Inc.'s website:




16. Defendants thus not only used the TIPSY ELVES mark, but also featured it in blue letters above everything else in the advertisement at a much larger size than most of the other advertising copy. Defendants employed the keyword "tipsy elves" within Google AdWords in order to ensure that the advertisement featuring the TIPSY ELVES mark appeared alongside legitimate advertisements and links to the Tipsy Elves website.

17. This advertisement gave the consuming public the false impression that clicking on the associated links would take them to either the Tipsy Elves website or another website where they could purchase Tipsy Elves apparel. This advertising tactic was highly likely to confuse, mislead, and deceive consumers as to the source of products, including Christmas sweaters, available through the associated links to the uglychristmassweater.com website. Furthermore, on information and belief, the lower quality of Defendant UCS's products was likely to mislead consumers as to the quality and characteristics of genuine Tipsy Elves products.

18. This is not the first time Defendant UCS unlawfully misused and traded off of Plaintiff's intellectual property. In 2012, Defendant UCS was caught selling knockoff copies of at least one of Plaintiff's sweater designs. Plaintiff sent Defendant UCS's co-founder, Mr. Firas Hajjar, a cease-and-desist letter to demand that he stop infringing Plaintiff's copyrights. The parties eventually settled the dispute upon payment from Defendant UCS to Tipsy Elves.

19. In the present case, Plaintiff did not consent to, sponsor, endorse, or approve in any way Defendants' use of the TIPSY ELVES mark or any variations of it in any way, including in connection with selling competing goods online or through Google AdWords advertisements bearing the TIPSY ELVES mark in advertising copy. Plaintiff has sent several cease-and-desist letters and other correspondence to Defendant UCS, but Defendant UCS has refused to work toward an amicable resolution.

## **FIRST CAUSE OF ACTION**

### **Federal Trademark Infringement**

### **(15 U.S.C. § 1114(1))**

### **(against all Defendants)**

20. Plaintiff realleges and incorporates by reference the allegations of the above paragraphs, as though fully set forth here.

21. Defendants' unauthorized use of the TIPSY ELVES mark in interstate commerce to advertise, promote, market, and offer for sale goods covered by the TIPSY ELVES mark as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

22. Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendants' actions, and Defendants have and will continue to unfairly acquire income, profits, and goodwill. Plaintiff is thus entitled to recover damages in an amount to be proven at trial, profits, and the costs of this action,

under 15 U.S.C. § 1117.

23. Moreover, Plaintiff is informed and believes that Defendants' unauthorized use of the TIPSY ELVES mark was willful, and with the intent to cause confusion, mistake, or deception, making this case exceptional and entitling Plaintiff to recover treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**

**False Designation of Origin or Sponsorship and Unfair Competition**

**(15 U.S.C. § 1125(a))**

**(against all Defendants)**

24. Plaintiff realleges and incorporates by reference the allegations of the above paragraphs, as though fully set forth here.

25. Defendants' unauthorized use of the TIPSY ELVES mark in interstate commerce to advertise, promote, market, and offer for sale goods covered by the TIPSY ELVES mark as described above constitutes a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce under 15 U.S.C. § 1125(a).

26. Consumers are likely to be misled and deceived by Defendants' use of the TIPSY ELVES mark.

27. Defendants knew or should have known that their use of the TIPSY ELVES mark was likely to confuse and mislead consumers, including those shopping for Tipsy Elves products online.

28. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

29. Plaintiff has suffered and continues to suffer damages as a direct and

proximate result of Defendants' actions, and Defendants have and will continue to unfairly acquire income, profits, and goodwill. Plaintiff is thus entitled to recover damages in an amount to be proven at trial, profits, and the costs of this action, under 15 U.S.C. § 1117.

30. Moreover, Plaintiff is informed and believes that Defendants' unauthorized use of the TIPSY ELVES mark was willful, and with the intent to cause confusion, mistake, or deception, making this case exceptional and entitling Plaintiff to recover treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

## Unfair Competition & False Advertising

## (Cal. Bus. & Prof. Code §§ 17200 & 17500, *et seq.*)

## (against all Defendants)

31. Plaintiff realleges and incorporates by reference the allegations of the above paragraphs, as though fully set forth here.

32. Defendants' unauthorized use of the TIPSY ELVES mark in interstate commerce to advertise, promote, market, and offer for sale goods covered by the TIPSY ELVES mark as described above constitutes trademark infringement, false advertising, and unfair competition in violation of the laws of the State of California.

33. By these actions, Defendants have engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.*

34. Consequently, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

35. Moreover, Plaintiff is informed and believes that Defendants' unauthorized use of the TIPSY ELVES mark was willful, and with the intent to cause confusion, mistake, or deception.

36. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**Common Law Trademark Infringement (against all Defendants)**

37. Plaintiff realleges and incorporates by reference the allegations of the above paragraphs, as though fully set forth here.

38. Defendants' unauthorized use of the TIPSY ELVES mark in interstate commerce to advertise, promote, market, and offer for sale goods covered by the TIPSY ELVES mark as described above constitutes trademark infringement under the common law of California and is likely to cause consumer confusion, mistake, or deception.

39. Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendants' actions, and Defendants have and will continue to unfairly acquire income, profits, and goodwill. Plaintiff is thus entitled to recover damages in an amount to be proven at trial.

40. Moreover, Plaintiff is informed and believes that Defendants' unauthorized use of the TIPSY ELVES mark was willful.

**FIFTH CAUSE OF ACTION**

**Contributory Trademark Infringement (against all Defendants)**

41. Plaintiff realleges and incorporates by reference the allegations of the above paragraphs, as though fully set forth here.

42. Defendants' unauthorized use of the TIPSY ELVES mark in interstate commerce to advertise, promote, market, and offer for sale goods covered by the TIPSY ELVES mark as described above constitutes contributory trademark infringement in violation of federal law and the common law of the State of California.

43. Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendants' actions, and Defendants have and will continue to

unfairly acquire income, profits, and goodwill. Plaintiff is thus entitled to recover damages in an amount to be proven at trial.

44. Moreover, Plaintiff is informed and believes that Defendants' unauthorized use of the TIPSY ELVES mark was willful.

**SIXTH CAUSE OF ACTION**

**Vicarious Trademark Infringement (against all Defendants)**

45. Plaintiff realleges and incorporates by reference the allegations of the above paragraphs, as though fully set forth here.

46. Defendants' unauthorized use of the TIPSY ELVES mark in interstate commerce to advertise, promote, market, and offer for sale goods covered by the TIPSY ELVES mark as described above constitutes vicarious trademark infringement in violation of federal law and the common law of the State of California.

47. Defendants each have the ability to control the actions of Doe Defendants, fund the advertising activities of Doe Defendants, and derive a direct financial benefit from the illegal acts of Doe Defendants.

48. Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendants' actions, and Defendants have and will continue to unfairly acquire income, profits, and goodwill. Plaintiff is thus entitled to recover damages in an amount to be proven at trial.

49. Moreover, Plaintiff is informed and believes that Defendants' unauthorized use of the TIPSY ELVES mark was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. For an order that Plaintiff's trademark has been infringed by Defendants in violation of 15 U.S.C. § 1114(1) and California state common law.

B. That Defendants, and any of its officers, directors, agents, servants, employees, successors, assigns and attorneys, as well as all of those in

active concert or participation with them, be preliminarily and permanently enjoined such that all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from using the TIPSY ELVES mark, or any mark confusingly similar to the TIPSY ELVES mark, in connection with the marketing, promotion, advertising, sale, or distribution of clothing, namely, tops, sweaters, vests, scarfs, headwear, ties, hats, and caps.

C. That Defendants be ordered to file with the Court and serve on Plaintiff within thirty days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116.

D. For a finding that Defendants have disseminated false and/or misleading representations of fact, including by false designation of origin or sponsorship, in commercial advertising or promotion in violation of 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.*

E. For an order that Defendants disseminate within 30 days of judgment corrective advertising at Defendants' expense that informs consumers, the trade, and the public at large of Defendants' unlawful conduct as complained of herein and of the judgment requiring Defendants to cease such unlawful conduct, and/or order Defendants to pay Plaintiffs' costs in producing and disseminating such corrective advertising.

F. For an order awarding Plaintiff monetary relief from Defendants in an amount to be fixed by the Court in its discretion as just, including all damages sustained by Plaintiffs as a result of Defendants' actions, this amount to be trebled, together with prejudgment interest; the costs of

the action; and all reasonable costs and attorneys' fees under 15 U.S.C. § 1117, because of the exceptional nature of this case resulting from Defendants' deliberate and willful trademark infringement and false advertising.

G. For an order awarding Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its unlawful actions, this amount to be trebled.

H. For an order under 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation.

I. For all other relief to which Plaintiff is entitled, and such other or additional relief as the Court deems just and proper.

## C. DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: May 2, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By s/Martin R. Bader

MARTIN R. BADER
WILLIAM J. BLONIGAN
TRAVIS J. ANDERSON
Attorneys for Plaintiff

# Exhibit A

# United States of America

## United States Patent and Trademark Office

# TIPSY ELVES

**Reg. No. 4,402,796**

**Registered Sep. 17, 2013**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

TIPSY ELVES LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
1041 MARKET STREET, UNIT 306
SAN DIEGO, CA 92101

FOR: CLOTHING, NAMELY, TOPS, SWEATERS, VESTS, SCARFS, HEADWEAR, TIES, HATS AND CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-31-2011; IN COMMERCE 7-31-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-797,158, FILED 12-7-2012.

AMY ALFIERI, EXAMINING ATTORNEY

UNITED STATES PATENT AND TRADEMARK OFFICE
DEPARTMENT OF COMMERCE

Deputy Director of the United States Patent and Trademark Office